UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WESTERN DIVISION
CIVIL ACTION NO.:  3:12-CV-30069-MAP

| | |
|---|---|
| DONNA WEST, Individually, and | ) |
| Executrix of the ESTATE OF | ) |
| RUSSELL WEST, | ) |
|       Plaintiff | ) |
| | ) |
| VS. | ) |
| | ) |
| FIRST LIGHT POWER ENTERPRISES | ) |
| INC., IPR-GDF SUEZ ENERGY | ) |
| NORTH AMERICA, INC., ABINGTON | ) |
| GROUP INC., BAKER CORP., | ) |
| McELROY MANUFACTURING, INC. | ) |
| And ISCO INDUSTRIES, LLC, | ) |
|       Defendants | ) |

**ANSWER OF THE DEFENDANT, ABINGTON GROUP, INC.,
JURY DEMAND, AND CROSS CLAIM VERSUS FIRST LIGHT POWER
ENTERPRISES, INC., IPR-GDF SUEZ ENERGY NORTH AMERICA, INC.,
BAKER CORP., McELROY MANUFACTURING, INC. AND ISCO
INDUSTRIES, LLC**

The Defendant, Abington Group, Inc., (hereinafter "Abington") in the above matter

answers the Plaintiff's Complaint as follows:

**Answer**

1.      Abington has no knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 1 of the Complaint.

2.      Abington has no knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 2 of the Complaint.

3.      Abington has no knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 3 of the Complaint.

4.      Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.      Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.      Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.      Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.      Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.      Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.     Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.     Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.     Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.     Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.     Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.      Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16.      Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17.      Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18.      Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19.      Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20.      Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21.      Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22.      Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.      Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24.      Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25.      Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26.     Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27.     Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28.     Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29.     Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30.     Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31.     Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32.     Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33.     Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34.     Abington denies the allegations contained in paragraph 34 of the Complaint.

35.     Abington denies the allegations contained in paragraph 35 of the Complaint.

36.     Abington denies the allegations contained in paragraph 36 of the Complaint.

37.     Abington denies the allegations contained in paragraph 37 of the Complaint.

38.     Abington denies the allegations contained in paragraph 38 of the Complaint.

39.     Abington denies the allegations contained in paragraph 39 of the Complaint.

40.     Abington denies the allegations contained in paragraph 40 of the Complaint.

## AS TO COUNT I

Count I does not apply to Abington and, therefore, no answer is required.

## AS TO COUNT II

Count II does not apply to Abington and, therefore, no answer is required.

## AS TO COUNT III

Count III does not apply to Abington and, therefore, no answer is required.

## AS TO COUNT IV

Count IV does not apply to Abington and, therefore, no answer is required.

## AS TO COUNT V

Count V does not apply to Abington and, therefore, no answer is required.

## AS TO COUNT VI

Count VI does not apply to Abington and, therefore, no answer is required.

## AS TO COUNT VII

Count VII does not apply to Abington and, therefore, no answer is required.

## AS TO COUNT VIII

Count VIII does not apply to Abington and, therefore, no answer is required.

## AS TO COUNT IX

71.     Abington realleges and reaffirms its answers to paragraphs 1 through 70 of the Complaint and incorporates them herein as its answer to paragraph 71 of the Complaint.

72.     Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint.

73.     Abington denies the allegations contained in paragraph 73 of the Complaint.

74.     Abington denies the allegations contained in paragraph 74 of the Complaint.

## AS TO COUNT X

75.     Abington realleges and reaffirms its answers to paragraphs 1 through 74 of the Complaint and incorporates them herein as its answer to paragraph 75 of the Complaint.

76.     Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint.

77.     Abington denies the allegations contained in paragraph 77 of the Complaint.

## AS TO COUNT XI

78.     Abington realleges and reaffirms its answers to paragraphs 1 through 77 of the Complaint and incorporates them herein as its answer to paragraph 78 of the Complaint.

79.     Abington has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint.

80.     Abington denies the allegations contained in paragraph 80 of the Complaint.

## AS TO COUNT XII

81.     Abington realleges and reaffirms its answers to paragraphs 1 through 80 of the Complaint and incorporates them herein as its answer to paragraph 81 of the Complaint.

82.     Abington denies the allegations contained in paragraph 82 of the Complaint.

83.     Abington denies the allegations contained in paragraph 83 of the Complaint.

84.     Abington denies the allegations contained in paragraph 84 of the Complaint.

85.     Abington denies the allegations contained in paragraph 85 of the Complaint.

## AS TO COUNT XIII

Count XIII does not apply to Abington and, therefore, need not be answered.

## AS TO COUNT XIV

Count XIV does not apply to Abington and, therefore, need not be answered.

## AS TO COUNT XV

Count XV does not apply to Abington and, therefore, need not be answered.

## AS TO COUNT XVI

Count XVI does not apply to Abington and, therefore, need not be answered.

## AS TO COUNT XVII

Count XVII does not apply to Abington and, therefore, need not be answered.

## COUNT XVIII

Count XVIII does not apply to Abington and, therefore, need not be answered.

## AS TO COUNT XIX

Count XIX does not apply to Abington and, therefore, need not be answered.

## AS TO COUNT XX

Count XX does not apply to Abington and, therefore, need not be answered.

## AS TO COUNT XXI

Count XXI does not apply to Abington and, therefore, need not be answered.

## AS TO COUNT XXII

Count XXII does not apply to Abington and, therefore, need not be answered.

## JURY DEMAND

The Defendant, Abington Group, Inc., hereby demands a trial by jury on all issues of fact raised by any pleadings herein.

## CROSS CLAIM VERSUS FIRSTLIGHT POWER ENTERPRISES, INC., WITH JURY DEMAND

1.      The Defendant/Plaintiff in Cross-Claim, ABINGTON GROUP, INC. ("Abington") is

A foreign corporation with its principal place of business at 195 West Road, Portsmouth,

New Hampshire.

2.      The Defendant/Defendant in Cross-Claim, FIRSTLIGHT POWER ENTERPRISES, INC. ("Firstlight") is a foreign corporation with its principal place of business at 1990 Post Oak Boulevard, Suite 1900, Houston, Texas.

3.      The Plaintiff, Donna West ("Plaintiff") has filed suit against "Abington" in the above captioned action alleging that the plaintiff decedent, Russell West, suffered bodily injury, pain, suffering, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and death, as a direct and proximate result of the unreasonable, dangerous, and reckless Plan designed and/or developed and/or approved jointly by the Defendants, First Light, Suez, Baker and Abington.

4.      The Plaintiff has alleged that Abington is liable to the Plaintiff for alleged negligence resulting in damages to the Plaintiff.

5.      Abington denies any liability to the Plaintiff in this case and says that to the extent the Plaintiff has suffered damages as alleged, such damages resulted from the acts or omissions of Defendant in Cross-Claim, Firstlight.

## COUNT I

### (Contribution)

6.      Abington repeats and incorporates herein by reference its allegations made in paragraph 1 through 5 of the Cross Claim and makes them its allegations to this paragraph.

7.      Abington denies any liability to the Plaintiff and says that, to the extent that Plaintiff was allegedly damaged, such damages were proximately caused in whole or in part by the negligence of Firstlight.

8.      Abington states that, to the extent it is found liable to the Plaintiff, such liability being

specifically denied, then Firstlight is liable for contribution to Abington.

WHEREFORE, the Plaintiff in Cross-Claim, Abington, requests judgment against

Defendant in Cross-Claim, Firstlight, for its pro rata share of liability together with its costs and

interest thereon.

THE PLAINTIFF IN CROSS CLAIM DEMANDS A TRIAL BY JURY ON ALL

ISSUES OF FACT RAISED BY ANY PLEADINGS HEREIN.

## CROSS CLAIM VERSUS IPR-GDF SUEZ ENERGY NORTH AMERICA, INC., WITH JURY DEMAND

9.      The Defendant/Plaintiff in Cross-Claim, ABINGTON GROUP, INC. ("Abington") is

a foreign corporation with its principal place of business at 195 West Road, Portsmouth,

New Hampshire.

10.     The Defendant/Defendant in Cross-Claim, IPR-GDF SUEZ ENERGY NORTH

AMERICA, INC. ("SUEZ"), formerly known as GDF SUEZ Energy North America,

Inc., is a foreign corporation with its principal place of business at 1990 Post Oak

Boulevard, Suite 1900, Houston, Texas.

11.     The Plaintiff, Donna West ("Plaintiff") has filed suit against "Abington" in the above

captioned action alleging that the plaintiff decedent, Russell West, suffered bodily injury,

pain, suffering, disfigurement, mental anguish, loss of capacity for the enjoyment of life,

expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss

of ability to earn money, and death, as a direct and proximate result of the unreasonable,

dangerous, and reckless Plan designed and/or developed and/or approved jointly by the

Defendants, First Light, SUEZ, Baker and Abington.

12.    The Plaintiff has alleged that Abington is liable to the Plaintiff for alleged negligence resulting in damages to the Plaintiff.

13.    Abington denies any liability to the Plaintiff in this case and says that to the extent the Plaintiff has suffered damages as alleged, such damages resulted from the acts or omissions of Defendant in Cross-Claim, SUEZ.

## COUNT I

### (Contribution)

14.    Abington repeats and incorporates herein by reference its allegations made in paragraph 9 through 13 of the Cross Claim and makes them its allegations to this paragraph.

15.    Abington denies any liability to the Plaintiff and says that, to the extent that Plaintiff was allegedly damaged, such damages were proximately caused in whole or in part by the negligence of SUEZ.

16.    Abington states that, to the extent it is found liable to the Plaintiff, such liability being specifically denied, then SUEZ is liable for contribution to Abington.

WHEREFORE, the Plaintiff in Cross-Claim, Abington, requests judgment against Defendant in Cross-Claim, SUEZ, for its pro rata share of liability together with its costs and interest thereon.

THE PLAINTIFF IN CROSS CLAIM DEMANDS A TRIAL BY JURY ON ALL ISSUES OF FACT RAISED BY ANY PLEADINGS HEREIN.

## CROSS CLAIM VERSUS BAKER CORP., WITH JURY DEMAND

17.    The Defendant/Plaintiff in Cross-Claim, ABINGTON GROUP, INC. ("Abington") is a foreign corporation with its principal place of business at 195 West Road, Portsmouth, New Hampshire.

18.     The Defendant/Defendant in Cross-Claim, BAKER CORP. ("BAKER"), is a foreign
        corporation with its principal place of business at 3020 Old Ranch Parkway, Suite 220,
        Seal Beach, California.

19.     The Plaintiff, Donna West ("Plaintiff") has filed suit against "Abington" in the above
        captioned action alleging that the plaintiff decedent, Russell West, suffered bodily injury,
        pain, suffering, disfigurement, mental anguish, loss of capacity for the enjoyment of life,
        expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss
        of ability to earn money, and death, as a direct and proximate result of the unreasonable,
        dangerous, and reckless Plan designed and/or developed and/or approved jointly by the
        Defendants, First Light, SUEZ, Baker and Abington.

20.     The Plaintiff has alleged that Abington is liable to the Plaintiff for alleged negligence
        resulting in damages to the Plaintiff.

21.     Abington denies any liability to the Plaintiff in this case and says that to the extent the
        Plaintiff has suffered damages as alleged, such damages resulted from the acts or
        omissions of Defendant in Cross-Claim, BAKER.

## COUNT I

### (Contribution)

22.     Abington repeats and incorporates herein by reference its allegations made in paragraph
        17 through 21 of the Cross Claim and makes them its allegations to this paragraph.

23.     Abington denies any liability to the Plaintiff and says that, to the extent that Plaintiff was
        allegedly damaged, such damages were proximately caused in whole or in part by the
        negligence of BAKER.

24. Abington states that, to the extent it is found liable to the Plaintiff, such liability being specifically denied, then BAKER is liable for contribution to Abington.

WHEREFORE, the Plaintiff in Cross-Claim, Abington, requests judgment against Defendant in Cross-Claim, BAKER, for its pro rata share of liability together with its costs and interest thereon.

THE PLAINTIFF IN CROSS CLAIM DEMANDS A TRIAL BY JURY ON ALL ISSUES OF FACT RAISED BY ANY PLEADINGS HEREIN.

## CROSS CLAIM VERSUS MCELROY MANUFACTURING, INC., WITH JURY DEMAND

25. The Defendant/Plaintiff in Cross-Claim, ABINGTON GROUP, INC. ("Abington") is a foreign corporation with its principal place of business at 195 West Road, Portsmouth, New Hampshire.

26. The Defendant/Defendant in Cross-Claim, MCELROY MANUFACTURING, INC. (MCELROY), is a foreign corporation with its principal place of business at 833 North Fulton Street, Tulsa, Oklahoma.

27. The Plaintiff, Donna West ("Plaintiff") has filed suit against "Abington" in the above captioned action alleging that the plaintiff decedent, Russell West, suffered bodily injury, pain, suffering, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and death, as a direct and proximate result of the unreasonable, dangerous, and reckless Plan designed and/or developed and/or approved jointly by the Defendants, First Light, SUEZ, Baker and Abington, including the McElroy 412 fusing machine designed and/or manufactured by McElroy and owned and/or supplied and/or distributed and/or rented to the Project site by the Defendant, ISCO.

28.     The Plaintiff has alleged that Abington is liable to the Plaintiff for alleged negligence resulting in damages to the Plaintiff.

29.     Abington denies any liability to the Plaintiff in this case and says that to the extent the Plaintiff has suffered damages as alleged, such damages resulted from the acts or omissions of Defendant in Cross-Claim, MCELROY.

## COUNT I

### (Contribution)

30.     Abington repeats and incorporates herein by reference its allegations made in paragraph 25 through 29 of the Cross Claim and makes them its allegations to this paragraph.

31.     Abington denies any liability to the Plaintiff and says that, to the extent that Plaintiff was allegedly damaged, such damages were proximately caused in whole or in part by the negligence of MCELROY.

32.     Abington states that, to the extent it is found liable to the Plaintiff, such liability being specifically denied, then MCELROY is liable for contribution to Abington.

        WHEREFORE, the Plaintiff in Cross-Claim, Abington, requests judgment against Defendant in Cross-Claim, MCELROY, for its pro rata share of liability together with its costs and interest thereon.

        THE PLAINTIFF IN CROSS CLAIM DEMANDS A TRIAL BY JURY ON ALL ISSUES OF FACT RAISED BY ANY PLEADINGS HEREIN.

## CROSS CLAIM VERSUS ISCO INDUSTRIES, LLC., WITH JURY DEMAND

33.     The Defendant/Plaintiff in Cross-Claim, ABINGTON GROUP, INC. ("Abington") is a foreign corporation with its principal place of business at 195 West Road, Portsmouth, New Hampshire.

34.     The Defendant/Defendant in Cross-Claim, ISCO INDUSTRIES, LLC ("ISCO"), is a foreign limited liability corporation with its principal place of business at 926 Baxter Avenue, Louisville, Kentucky.

35.     The Plaintiff, Donna West ("Plaintiff") has filed suit against "Abington" in the above captioned action alleging that the plaintiff decedent, Russell West,  suffered bodily injury, pain, suffering, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and death, as a direct and proximate result of the unreasonable, dangerous, and reckless Plan designed and/or developed and/or approved jointly by the Defendants, First Light, SUEZ, Baker and Abington, including the McElroy 412 fusing machine designed and/or manufactured by McElroy and owned and/or supplied and/or distributed and/or rented to the Project site by the Defendant, ISCO.

36.     The Plaintiff has alleged that Abington is liable to the Plaintiff for alleged negligence resulting in damages to the Plaintiff.

37.     Abington denies any liability to the Plaintiff in this case and says that to the extent the Plaintiff has suffered damages as alleged, such damages resulted from the acts or omissions of Defendant in Cross-Claim, ISCO.

## COUNT I

### (Contribution)

38.     Abington repeats and incorporates herein by reference its allegations made in paragraph 33 through 37 of the Cross Claim and makes them its allegations to this paragraph.

39.     Abington denies any liability to the Plaintiff and says that, to the extent that Plaintiff was allegedly damaged, such damages were proximately caused in whole or in part by the negligence of ISCO.

40.     Abington states that, to the extent it is found liable to the Plaintiff, such liability being specifically denied, then ISCO is liable for contribution to Abington.

WHEREFORE, the Plaintiff in Cross-Claim, Abington, requests judgment against Defendant in Cross-Claim, ISCO, for its pro rata share of liability together with its costs and interest thereon.

THE PLAINTIFF IN CROSS CLAIM DEMANDS A TRIAL BY JURY ON ALL ISSUES OF FACT RAISED BY ANY PLEADINGS HEREIN.

> THE DEFENDANT/CROSS CLAIM PLAINTIFF
> ABINGTON GROUP, INC.
> By Its Attorney
>
>
> /s/ *Thomas P. Schuler, Esquire*
> Thomas P. Schuler, Esq.: BBO #542475
> Law Offices of Steven B. Stein
> One Monarch Place, Suite 550
> Springfield, MA  01144
> Telephone 413-730-6350/Fax: 730-6361
> Tschuler@travelers.com

## CERTIFICATE OF SERVICE

I, Thomas P. Schuler, Esquire, hereby certify that this document was served on June 5, 2012 in the following manner:  electronically served through the ECF system to all counsel of record.

> /s/ Thomas P. Schuler_____
> Thomas P. Schuler, Esquire